# In the United States Court of Federal Claims

|  |  |
|---|---|
| LISA MICHELLE HILL<br><br>and<br><br>CARIBBEAN UNIQUE HILL,<br><br>        *Plaintiffs,*<br><br>v.<br><br>THE UNITED STATES,<br><br>        *Defendant*. | No. 24-0715<br>(Filed: June 24, 2024) |

**OPINION AND ORDER**

**LERNER,** *Judge.*

      Plaintiff Lisa Michelle Hill and her daughter, Plaintiff Caribbean Unique Hill, filed a pro se Complaint in this Court on May 3, 2024. Compl., Dkt. No. 1. They allege a myriad of misconduct by local law enforcement including that officers conspired to wrongfully arrest and unjustly incarcerate Ms. Lisa Hill. *Id.* For the reasons below, this action is **DISMISSED without prejudice** because this Court lacks jurisdiction over Plaintiffs' claims. *See* 28 U.S.C. § 1491. Plaintiffs' Amended Motion to Proceed in Forma Pauperis (Dkt. No. 7) is also **DENIED as moot**.

    **I.**    **Factual Allegations**

      Plaintiffs detail a series of altercations with local law enforcement from 2018 to 2024. The first incident occurred after a Dollar Mania employee in Bossier City, Louisiana purportedly sexually assaulted Plaintiff Caribbean Hill on March 1, 2018. Am. Compl. at 4, Dkt. No. 6. Two days later, Plaintiff Lisa Hill reported the assault to the Bossier City Police Department ("BCPD"), but allegedly received no help because "the public servants protects [sic] those foreigner's [sic] in crime [sic] they do." *Id.* Plaintiffs allege that on the same day, the BCPD "sent two Mexicans" to follow and intimidate them. *Id.* Ms. Lisa Hill claims that she reported the incident to the BCPD, but only received a response over a year later. *Id.* at 4–5.

      One year later, on June 23, 2019, Ms. Lisa Hill called the police about her neighbor. *Id.* at 5. According to the Amended Complaint, BCPD then arrested Ms. Lisa Hill without "due process" under the pretense of "false allegations." *Id.* The BCPD officer allegedly "smashed [her] face into the wall . . . and jam[med] [her] right shoulder" during the arrest. *Id.* at 6. The Amended Complaint also claims that the BCPD "kidnapped" Ms. Lisa Hill by arresting and transporting her to Bossier Parish Maximum Security Center ("Bossier Parish"). *Id.* Once at

Bossier Parish, Ms. Lisa Hill claims she was sexually assaulted by a female BCPD officer. *Id. Id.* Further, Ms. Lisa Hill claims that BCPD officers lied under oath during an unspecified trial because the Dollar Mania store owner bribed them. *Id.* at 7. The Amended Complaint alleges that Ms. Lisa Hill was eventually released, but on September 3, 2019, she was again falsely arrested. *Id.*

Next, Ms. Lisa Hill attests the Dallas County Police Department ("DCPD") "kidnapped" her on January 11, 2021. *Id.* at 9. Specifically, Plaintiff Lisa Hill claims the Shreveport City Clerk of Court purposefully gave her incorrect information about her court date so that an arrest warrant would be issued against her. *Id.* Around this same time, Ms. Lisa Hill alleges the Bossier Housing Authority "lured [her] back to [her old apartment] to put an illegal eviction on [her] name to keep [her] from housing in cahoots with the bossier city [sic] police department." *Id.* Ms. Lisa Hill claims that the BCPD harassed her and "had [her] apartment bugged." *Id.*

According to Plaintiffs, on January 12, 2024, Ms. Lisa Hill was wrongfully arrested for driving with a suspended driver's license. *Id.* at 10. Following a February 8, 2024, court proceeding on unspecified matters, Ms. Lisa Hill returned to Bossier Parish for two days, where BCPD officers "inflicted intentional harm" to her right wrist, aggravating an old injury. *Id.* at 10.

Finally, the Complaint alleges that on an indeterminate date, BCPD falsely arrested Plaintiff Caribbean Hill, because the police "tried to get [Ms. Lisa Hill]." *Id.* In addition, Ms. Lisa Hill claims that the BCPD sent "girls" to steal Ms. Caribbean Hill's bicycle, "beat the bicycle up [sic] cut the cords on it and put it by" another residence. *Id.* at 9. Again, Ms. Lisa Hill states she went to the BCPD concerning the matter but "nothing was done." *Id.*

## II. Procedural Background

Plaintiffs filed this action on May 3, 2024, and amended their Complaint on June 3, 2024. Compl.; Am. Compl. To remedy their injuries, Plaintiffs ask the Court to "investigate" and "[g]et any judicial records of this matter." Am. Compl. at 3. Plaintiffs also seek compensation for "damages and emotional distress the state has caused" them. *Id.* at 11.

On the same day they filed their Complaint, Plaintiffs requested leave to proceed in forma pauperis using the Court's form. Application to Proceed In Forma Pauperis ("IFP Mot."), Dkt. No. 2. However, Plaintiffs did not complete Question 2(b) on the form. *See id.* (requiring Plaintiffs to state the date of their last employment and their amount of salary or wages per month). Accordingly, the Court directed Plaintiffs to amend their IFP application and submit a complete form by June 13, 2024. Plaintiffs amended their complaint and resubmitted their IFP application on June 3, 2024.[1] Am. Compl.; Am. Mot. for Leave to Proceed In Forma Pauperis ("Am. IFP Mot."), Dkt. No. 7.

## III. Subject Matter Jurisdiction

The Tucker Act provides this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive

---

[1] Plaintiffs still failed to complete Question 2(b) in their Amended IFP Motion. *See* Am. IFP Mot. Regardless, Plaintiffs' IFP Motion is denied as moot since this Court lacks jurisdiction over their claims. *Infra* Section II; 28 U.S.C. § 1915(a)(1).

department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  However, a complaint will be dismissed for failure to establish jurisdiction under the Tucker Act if the plaintiff "fail[s] to identify any statute or regulation that entitles Plaintiff to receive money damages from the Government." *Sindram v. United States*, 67 Fed. Cl. 788, 795 (2005).  The Court may raise subject-matter jurisdiction on its own and at any stage in the litigation even if the Government has not yet filed an answer. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").  The Court must dismiss a complaint "in its entirety" when it finds that it lacks subject matter jurisdiction. *Id.*; *see also* RCFC 12(h).

Although courts must liberally construe pro se plaintiffs' filings, plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  "There is no 'duty [on the part] of the trial court to create a claim which [plaintiff] has not spelled out in his [or her] pleading." *El v. United States*, 144 Fed. Cl. 741, 748 (2019) (citing *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011)).  Even when construed liberally, the instant Complaint fails to assert any basis for this Court's jurisdiction. Plaintiffs neither demonstrate how their claims fall under the Tucker Act, nor do they identify any separate source of substantive law that creates a right to money damages.

First, this Court's jurisdiction is confined to claims against the United States, and the Court cannot hear cases against states, state agencies, or state officials. *Walsh v. United States*, 250 F. App'x 310, 311 (Fed. Cir. 2007).  Because "the United States itself" is the only proper defendant in the Court of Federal Claims, this Court lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014).  In other words, "if the relief sought [in the Court of Federal Claims] is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Accordingly, the Court has no jurisdiction to hear Plaintiffs' claims, which are essentially levied against the BCPD and DCPD.

Second, this Court cannot adjudicate tort claims. *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010); *see also* 28 U.S.C. § 1491(a)(1); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims today."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort.").  Therefore, this Court does not have jurisdiction over Plaintiff's sexual assault and battery allegations. *See* Am. Compl. at 4–5.

Third, to the extent that Plaintiffs claim due process violations by the Bossier City police, the Court still does not have subject matter jurisdiction because "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Collins v. United States,* 67 F.3d 284, 288 (Fed. Cir. 1995) ("[T]he due process clause does not obligate the government to pay money damages."), *reh'g denied* (Fed. Cir. 1995); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed. Cir. 1988)

3

(finding that the Due Process and Equal Protective clauses "do not trigger Tucker Act jurisdiction in the courts"). Thus, this Court lacks authority to adjudicate Ms. Hill's constitutional claims based on alleged wrongful imprisonment and arrest. *See* Am. Compl. at 7–10.

Finally, Plaintiffs' allegations of criminal misconduct, bribery, kidnapping, conspiracy, and assault by the BCPD and DCPD, *see id.*, must be dismissed since claims based on criminal law are outside this Court's jurisdiction. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); *see McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (classifying conspiracy as a criminal law claim and dismissing the claim for lack of jurisdiction).

### IV. Conclusion

For the reasons explained above, the case is **DISMISSED without prejudice**, and Plaintiffs' Amended Motion to Proceed in Forma Pauperis is **DENIED as moot**. The Court directs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge